JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA REYNOZO,<br><br>                     Plaintiff,<br><br>      v.<br><br>WALMART, INC., *et al.*,<br><br>                  Defendants. | Case No. 2:26-cv-01406-FLA (ASx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## RULING

On October 21, 2025, Plaintiff Tina Reynozo ("Plaintiff") initiated this action against Defendant Walmart, Inc. ("Defendant") in the Los Angeles County Superior Court, Case No. 25NWCV03751.  Dkt. 1-1 ("Compl.").[1]  The Complaint alleges two causes of action for negligence and premises liability resulting from a slip and fall incident at a Walmart store.  *See generally id.*  Plaintiff prays for general damages, special damages, pre-judgment interest, and costs.  *Id.*

---

[1] Citations to the Complaint refer to pages 3–7 of Dkt. 1-1.

On February 11, 2026, Defendant removed the action to this court based on alleged diversity jurisdiction.  Dkt. 1.  In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and complete diversity exists between the parties.  *Id.* at 1.[2]  On February 24, 2026, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy ("Order to Show Cause").  Dkt. 6.  Defendant filed the sole response ("Response") on March 10, 2026.  Dkt. 8 ("Resp.").

Having reviewed the Notice of Removal and the Response to this court's Order to Show Cause, and for the reasons stated herein, the court finds Defendant fails to establish subject matter jurisdiction and REMANDS the action to the Los Angeles County Superior Court.

## **DISCUSSION**

**I.      Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. CONST. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court

---

[2] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

## II.   Analysis

As the Complaint does not set forth a specific amount of damages, the amount in controversy cannot be determined on the face of the pleading. *See generally* Compl. In the Notice of Removal, Defendant contends the jurisdictional minimum is met because Plaintiff served Defendant with an offer to compromise for $500,000.00 under Cal. Code Civ. Proc. § 998 ("998 offer"). Dkt. 1 at 5. Defendant attached Plaintiff's 998 offer to its Response, in which Plaintiff offers to have judgment taken against Defendant and in favor of Plaintiff in this action for $500,000.00. *See* Dkt. 8-1 at 5–6.

Plaintiff's 998 offer does not provide any facts to explain how Plaintiff arrived at the settlement amount. A "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2001). Without more, the court is unable to ascertain whether the 998 offer was reasonably calculated to reflect Plaintiff's damages suffered as a result of the alleged slip and fall incident. *See Romsa v. Ikea U.S. West, Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted) ("A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction.").

Moreover, in its Response, Defendant states Plaintiff "has to date only produced billing records for her medical treatment totaling $2,403.32." Resp. at 6. Defendant does not provide any estimate of Plaintiff's lost earnings. *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) ("[I]f a defendant provided no evidence or clearly inadequate evidence supporting its valuation for a claim, then it might be appropriate for a district court to assign that claim a $0 value."). Thus, Defendant has not established that the amount in controversy exceeds $75,000.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not met its burden to demonstrate the amount in controversy meets the jurisdictional threshold by a preponderance of the evidence, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, the court finds Defendant has failed to demonstrate the amount in controversy exceeds $75,000. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 25NWCV03751. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: May 26, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

4